# Supreme Court of Florida

_____

No. SC2023-0919

_____

**IN RE: AMENDMENTS TO FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS 12.980(a), 12.980(f), 12.980(n), 12.980(q), AND 12.980(t).**

August 24, 2023

PER CURIAM.

Pursuant to the procedures approved in *Amendments to the Florida Family Law Rules of Procedure & Family Law Forms*, 810 So. 2d 1, 13-14 (Fla. 2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and has determined that amendments to forms 12.980(a) (Petition for Injunction for Protection Against Domestic Violence), 12.980(f) (Petition for Injunction for Protection Against Repeat Violence), 12.980(n) (Petition for Injunction for Protection Against Dating Violence), 12.980(q) (Petition for Injunction for Protection Against Sexual Violence), and 12.980(t) (Petition for Injunction for Protection Against Stalking) are needed.[1]

---

1. We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

First, we add language to form 12.980(a) providing an additional factor that the court must consider in determining whether a petitioner of a domestic violence injunction is in imminent danger in accordance with recent amendments to section 741.30(3)(b), Florida Statutes (2023). *See* ch. 2023-112, § 3, Laws of Fla.

Additionally, in a recent amendment to the forms, references to the deputy clerk were omitted from the notary block. It has been determined that the reference to the deputy clerk in the notary block is necessary and should be restored to forms 12.980(a), 12.980(f), 12.980(n), 12.980(q), and 12.980(t).

Finally, the instructions to these forms are amended to reflect changes to Florida Rule of General Practice and Judicial Administration 2.516 requiring self-represented litigants to serve documents by e-mail unless in custody or excused by the clerk after declaring a lack of e-mail account or regular internet access.

The forms are hereby amended as set forth in the appendix to this opinion, fully engrossed. The amendments shall become effective immediately and may be accessed and downloaded from the Florida State Courts' website at

https://www.flcourts.gov/Resources-Services/Office-of-Family-Courts/Family-Court-in-Florida/Family-Law-Forms.  We direct that the forms be published for comment.  Interested persons shall have seventy-five days from the date of this opinion to file comments with the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

---

2.  All comments must be filed with the Court on or before November 7, 2023, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
# FAMILY LAW FORM 12.980(a)
# PETITION FOR INJUNCTION FOR PROTECTION AGAINST
# DOMESTIC VIOLENCE (08/23)

## When should this form be used?

If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence.  Because you are making a request to the court, you are called the **petitioner**.  The person whom you are asking the court to protect you from is called the **respondent**.  **Domestic violence includes**: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner's family or household members.  In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:

1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner's child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent has or had engaged in a pattern of abusive, threatening, intimidating, or controlling behavior composed of a series of acts over a period of time, however short, which evidences a continuity of purpose and which reasonably causes the petitioner to believe that the petitioner or his or her minor child or children are in imminent danger of becoming victims of any act of domestic violence.
11. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.

The domestic violence laws only apply to your situation if the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your children whether or not you have ever been married or ever lived together.  With the

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

–4–

exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. If the respondent is not one of the above, you should look at **Petition for Injunction for Protection Against Repeat Violence**, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or **Petition for Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or **Petition for Injunction for Protection Against Sexual Violence,** Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.

If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents, custodians, or your legal guardian must sign this petition with you.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a **notary public** or the **clerk of the circuit court** in the county where you live. The clerk will take your completed **petition** to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an **imminent danger of domestic violence** exists, the judge will sign either an immediate **Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(1) or an immediate **Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(2). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side—YOU. The temporary injunction gives a date that you must appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue either a **Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(d)(1), or a **Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice),** Florida Supreme Court Approved Family Law Form 12.980(d)(2). Either of these final judgments will remain in effect for a specific time period or until modified or dissolved by the court. **If either you or the respondent do not appear at the final hearing, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction issued at the final hearing.**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one <u>certified copy</u> of the injunction with you at all times!**

## What can I do if the judge denies my petition?

If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition, unless you request that no hearing be set. The respondent will be notified by **<u>personal service</u>** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence**, Florida Family Law Form 12.980 (g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **<u>bold underline</u>** are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see Chapter 741, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration** and you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at [www.flcourts.org](http://www.flcourts.org) through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MUST SERVE DOCUMENTS BY E-MAIL UNLESS EXCUSED PURSUANT TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.516(b)(1)(D).** If a self-represented litigant has been excused from serving documents by e-mail and then elects to serve and receive documents by e-mail, the procedures

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

-6-

must always be followed once that election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears.  Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

# Special notes . . .

With this form you may also need to file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your **parenting plan** or **time-parenting plan** means a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren) and must contain a time-sharing schedule for the parents and child(ren).  The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)'s education, health care, and physical, social, and emotional well-being.  In creating the plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration.  The parenting plan shall be developed and agreed to by the parents and approved by a court, or established by the court, with or without the use of a court-ordered parenting plan recommendation.  If the parents cannot agree, or if the parents agreed to a plan that is not approved by the court, a parenting plan shall be established by the court.  "**Time-sharing schedule**" means a timetable that must be included in the parenting plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent.  If developed and agreed to by the parents of a minor child, it must be approved by the court.  If the parents cannot agree, of if their agreed-upon schedule is not approved by the court, the schedule shall be established by the court.

- **Notice of Related Cases,** Florida Family Law Rules of Procedure Form 12.900(h), must be completed and filed.

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are asking the court to determine issues of temporary child support.

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.

- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.

Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

–7–

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION
# AGAINST DOMESTIC VIOLENCE

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

## SECTION I.  PETITIONER

*(This section is about you.  It must be completed.  However, **if you fear that disclosing your address to the respondent would put you in danger,** you should complete and file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)*

1.  Petitioner's current address is: *{street address}* _____
    *{city, state, and zip code}* _____
    Telephone Number: *{area code and number}* _____
    Physical description of Petitioner:
    Race: _____        Sex: Male _____ Female _____        Date of Birth: _____

2.  Petitioner's attorney's name, address, and telephone number is: _____
    _____.
    (If you do not have an attorney, write none.)

## SECTION II.  RESPONDENT

(This section is about the person you want to be protected from.  It must be completed.)

1.  Respondent's current address is: *{street address, city, state, and zip code}* _____
    _____.
    Respondent's Driver's License number is: *{if known}* _____.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

-8-

2. Respondent is: *{Indicate all that apply}*

   a. _____ the spouse of Petitioner.

   Date of Marriage: _____

   b. _____ the former spouse of Petitioner.

   Date of Marriage: _____

   Date of Dissolution of Marriage: _____

   c. _____ related by blood or marriage to Petitioner.

   Specify relationship: _____

   d. _____ a person who is or was living in one home with Petitioner, as if a family.

   e. _____ a person with whom Petitioner has a child in common, even if Petitioner and Respondent never were married or living together.

3. Petitioner has known Respondent since *{date}* _____

4. Respondent's last known place of employment: _____

   Employment address: _____

   Working hours: _____

5. Physical description of Respondent:

   Race: _____  Sex: Male _____ Female _____  Date of Birth: _____

   Height: _____  Weight: _____  Eye Color: _____  Hair Color: _____

   Distinguishing marks or scars: _____

   Vehicle: (make/model) _____ Color: _____ Tag Number: _____

6. Other names Respondent goes by (aliases or nicknames): _____

7. Respondent's attorney's name, address, and telephone number is: _____

   _____

   (If you do not know whether Respondent has an attorney, write unknown.  If Respondent does not have an attorney, write none.)

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Has Petitioner ever received or tried to get an injunction for protection against domestic violence against Respondent in this or any other court?

   _____ Yes _____ No      If yes, what happened in that case? *{Include case number, if known}*

   _____

   _____

   _____

   _____.

2. Has Respondent ever received or tried to get an injunction for protection against domestic violence against Petitioner in this or any other court?

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

–9–

_____ Yes _____ No    If yes, what happened in that case? *{Include case number, if known}*

_____

_____ .

3. Describe **any other** court case that is either going on now or that happened in the past, including a dissolution of marriage, paternity action, or child support enforcement action, **between Petitioner and Respondent** *{Include city, state, and case number, if known}*: _____

_____ .

4. Petitioner is either a victim of domestic violence or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence because respondent has: *{Mark all sections that apply and describe in the spaces below the incidents of violence or threats of violence, specifying when and where they occurred, including, but not limited to, locations such as a home, school, place of employment, or time-sharing exchange}*

   a. _____ committed or threatened to commit domestic violence defined in s. 741.28, Florida Statutes, as any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another. With the exception of persons who are parents of a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.

   b. _____ previously threatened, harassed, stalked, or physically abused the petitioner.

   c. _____ attempted to harm the petitioner or family members or individuals closely associated with the petitioner.

   d. _____ threatened to conceal, kidnap, or harm the petitioner's child or children.

   e. _____ intentionally injured or killed a family pet.

   f. _____ used, or has threatened to use, against the petitioner any weapons such as guns or knives.

   g. _____ physically restrained the petitioner from leaving the home or calling law enforcement.

   h. _____ a criminal history involving violence or the threat of violence (if known).

   i. _____ another order of protection issued against him or her previously or from another jurisdiction (if known).

   j. _____ destroyed personal property, including, but not limited to, telephones or other communication equipment, clothing, or other items belonging to the petitioner.

   k. _____ engaged in a pattern of abusive, threatening, intimidating, or controlling behavior composed of a series of acts over a period of time, however short.

   l. _____ engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

-10-

Below is a brief description of the latest act of violence or threat of violence that causes Petitioner to honestly fear imminent domestic violence by Respondent.

*{Please begin your narrative below.  Use additional pages if necessary but please do not write in the margins or on the back of any of the pages Please indicate below if you are using additional pages.}*

On *{date}* _____, at *{location}* _____,
Respondent:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

_____ Please indicate here if you are attaching additional pages to continue these facts.

5.  Additional Information

  *{Indicate **all** that apply}*

  a. _____ Other acts or threats of domestic violence as described on attached sheet.

  b. _____ This or other acts of domestic violence have been previously reported to *{person or agency}*: _____

  c. _____ Respondent owns, has, and/or is known to have guns or other weapons.
    Describe weapon(s): _____

  d. _____ Respondent has a drug problem.

  e. _____ Respondent has an alcohol problem.

  f. _____ Respondent has a history of mental health problems.  If checked, answer the following, if known:
    Has Respondent ever been the subject of a Baker Act proceeding? _____ Yes _____ No
    Is Respondent supposed to take medication for mental health problems? _____ Yes _____ No
    If yes, is Respondent currently taking his/her medication? _____ Yes _____ No

**SECTION IV.  TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME** (Complete this section **only** if you want the Court to grant you temporary exclusive use and possession of the home that you share with the Respondent.)

  1.  Petitioner claims the following about the home that Petitioner and Respondent share or that Petitioner left because of domestic violence:

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

*{Indicate **all** that apply}*

a. _____ Petitioner needs the exclusive use and possession of the home that the parties share at *{street address}* _____ , *{city, state, zip code}* _____ .

b. _____ Petitioner cannot get another safe place to live because: _____

_____

_____ .

c. _____ If kept out of the home, Respondent has the money to get other housing or may live without money at *{street address}* _____ , *{city, state, zip code}* _____ .

2. The home is:

*{Choose **one** only}*

a. _____ owned or rented by Petitioner and Respondent jointly.

b. _____ solely owned or rented by Petitioner.

c. _____ solely owned or rented by Respondent.

**SECTION V.  TEMPORARY PARENTING PLAN WITH TEMPORARY TIME-SHARING SCHEDULE FOR MINOR CHILDREN**

*(Complete this section **only** if you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party.  You must be the natural parent, adoptive parent, or guardian by court order of the minor child or children.  If you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party, you must also complete and file a **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d)).*

**Note:  If the paternity of the minor children listed below has not been established through either marriage or court order, the Court may deny a request to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children, and/or a request for child support.**

1. Petitioner is the natural parent, adoptive parent, or guardian by court order of the minor children whose name(s) and age(s) are listed below.

| **Name** | **Birth date** |
|---|---|
|  |  |
|  |  |
|  |  |

2. The minor children for whom Petitioner is asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to:

*{Choose **one** only}*

a. _____ saw the domestic violence described in this petition happen.

b. _____ were at the place where the domestic violence happened but did not see it.

c. _____ were not there when the domestic violence happened this time but have seen previous acts of domestic violence by Respondent.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

-12-

d. _____ have not witnessed domestic violence by Respondent.

3. Name **any other** minor children who were there when the domestic violence happened.  Include children's name, age, and parents' names. _____

_____
_____
_____
_____ .

4. **Temporary Parenting Plan and Temporary Time-Sharing Schedule**
   *{Indicate **all** that apply}*
   a. _____ Petitioner requests that the Court provide a temporary parenting plan, including a temporary time-sharing schedule, with regard to the minor child or children of the parties, as follows: _____

   _____
   _____
   _____ .

   b. _____ Petitioner requests that the Court order supervised exchange of the minor children or exchange through a responsible person designated by the Court.  The following person is suggested as a responsible person for purposes of such exchange.  *{Explain}:* _____

   _____
   _____ .

   c. _____ Petitioner requests that the Court limit time-sharing by Respondent with the minor children. *{Explain}:* _____

   _____
   _____ .

   d. _____ Petitioner requests that the Court **prohibit** time-sharing by Respondent with the minor children because Petitioner genuinely fears that Respondent imminently will abuse, remove, or hide the minor children from Petitioner.  *{Explain}:* _____

   _____
   _____ .

   e. _____ Petitioner requests that the Court allow only supervised time-sharing by Respondent with the minor children.  *{Explain}:* _____
   _____ .

   Supervision should be provided by a Family Visitation Center, or other *(specify)*: _____

   _____ .

**SECTION VI.  EXCLUSIVE CARE, POSSESSION, OR CONTROL OF FAMILY PET(S)** *(Complete this section only if you are seeking exclusive care, possession, or control of an animal owned, possessed, harbored, kept, or held by you (the Petitioner), the Respondent, or a minor child residing in either your residence or household or Respondent's residence or household.  The court may order the Respondent to have no contact with the animal and may prohibit the Respondent from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal. You may not request to have exclusive care, possession, or control of an animal owned primarily for a bona fide agricultural purpose, as defined in section 193.461, Florida Statutes, or a service animal, as defined in section 413.08, Florida Statutes, if Respondent is the service animal's handler.)  {Indicate **all** that apply}.*

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

-13-

1. _____ Petitioner requests to have exclusive care, possession, and control of the following animal(s) which are owned, possessed, harbored, kept, or held by Petitioner, Respondent, or a minor child residing in Petitioner's or Respondent's residence or household: _____

_____

_____

_____.

2. _____ Petitioner requests that Respondent have no contact with the following animal(s) and be prohibited from taking, transferring, encumbering, concealing, harming, or otherwise disposing of them

_____

_____

_____

_____.

**SECTION VII.   TEMPORARY SUPPORT** *(Complete this section **only** if you are seeking financial support from the Respondent.  You must also complete and file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if you are seeking child support.  A **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), must be filed with the court at or prior to a hearing to establish or modify child support.) {Indicate **all** that apply}*

1. _____ Petitioner claims a need for the money he or she is asking the Court to make Respondent pay, and that Respondent has the ability to pay that money.

2. _____ Petitioner requests that the Court order Respondent to pay the following temporary alimony to Petitioner.  (Petitioner must be married to Respondent to ask for temporary alimony.) Temporary Alimony Requested $_____ every: ____week ____other week ____month.

3. _____ Petitioner requests that the Court order Respondent to pay the following temporary child support to Petitioner.  (The Respondent must be the natural parent, adoptive parent, or guardian by court order of the minor children for the court to order the Respondent to pay child support.)  Temporary child support is requested in the amount of $_____ every: ____ week ____ other week ____ month.

**SECTION VIII.   INJUNCTION** (This section summarizes what you are asking the Court to include in the injunction. This section must be completed.)

1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against domestic violence that will be in place from now until the scheduled hearing in this matter.

2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment on injunction prohibiting Respondent from committing any acts of domestic violence against Petitioner **and**:
   a. prohibiting Respondent from going to or within 500 feet of any place the Petitioner lives;
   b. prohibiting Respondent from going to or within 500 feet of the Petitioner's place(s) of employment or school; the address of Petitioner's place(s) of employment or school is: _____

_____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

-14-

_____ ;

  c. prohibiting Respondent from contacting Petitioner by mail, by telephone, through another person, or in any other manner;

  d. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle;

  e. prohibiting Respondent from defacing or destroying Petitioner's personal property;

*{Indicate **all** that apply}*

  f. _____ prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's minor children must go often {include address}:

_____

_____ ;

  g. _____ granting Petitioner temporary exclusive use and possession of the home Petitioner and Respondent share;

  h. _____ granting Petitioner on a temporary basis 100% of the time sharing with the parties' minor children;

  i. _____ establishing a temporary parenting plan including a temporary time-sharing schedule for the parties' minor children;

  j. _____ granting Petitioner exclusive care, possession, or control of the animal(s) identified in paragraph 1 of Section VI which are owned, possessed, harbored, kept or held by Petitioner, Respondent, or a minor child residing in Petitioner or Respondent's residence or household;

  k. _____ prohibiting Respondent from having any contact with the animal(s) identified in paragraph 2 of Section VI or from taking, transferring, encumbering, concealing, harming, or otherwise disposing of them;

  l. _____ granting temporary alimony for Petitioner;

  m. _____ granting temporary child support for the minor children;

  n. _____ ordering Respondent to participate in treatment, intervention, and/or counseling services;

  o. _____ referring Petitioner to a certified domestic violence center; and any other terms the Court deems necessary for the protection of Petitioner and/or Petitioner's children, including injunctions or directives to law enforcement agencies, as provided in Section 741.30, Florida Statutes.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.  I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT.  I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

-15-

Dated: _____     _____
                                        Signature of Petitioner
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-Mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this
_____ day of _____ 20__, by _____.


                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


                                        _____
                                        *{Print, type, or stamp commissioned name of notary or clerk.}*


☐ Personally Known OR ☐ Produced Identification
Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (08/23)

-16-

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(f), PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (08/23)

## When should this form be used?

If you or a member of your immediate family are a victim of **repeat violence**, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that **two** incidents of violence have been committed against you or a member of your immediate family by another person, **one of which must have been within 6 months of filing this petition.** Repeat violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against repeat violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or **affidavits** from eye-witnesses of, the specific facts and circumstances that form the basis of the petition.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an **immediate and present danger of repeat violence** to you or that family exists, the judge will sign a **Temporary Injunction for Protection Against Repeat Violence**, Florida Supreme Court Approved Family Law Form 12.980(k). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side—YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a **Final Judgment**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (08/23)

-17-

of Injunction for Protection Against Repeat Violence (After Notice), Florida Supreme Court Approved Family Law Form 12.980(l), which will remain in effect for a specific time period or until modified or dissolved by the court. **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one <u>certified copy</u> of the injunction with you at all times**!

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **<u>bold underline</u>** are defined in that section. The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration** and you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MUST SERVE DOCUMENTS BY E-MAIL UNLESS EXCUSED PURSUANT TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.516(b)(1)(D).** If a self-represented litigant has been excused from serving documents by e-mail and then elects to serve and receive documents by e-mail, the

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (08/23)

-18-

procedures must always be followed once that election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears.  Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (08/23)

–19–

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION
# AGAINST REPEAT VIOLENCE

I, *{full legal name}*_____, being sworn, certify that the following statements are true:

## SECTION I.  PETITIONER
(This section is about you.  It must be completed.)

1.  Petitioner currently lives at the following address: *{address, city, state, zip code}* _____
    _____.
    *{Indicate **if** applicable}*
    ____**Petitioner seeks an injunction for protection on behalf of a minor child.**  Petitioner is the parent or legal guardian of *{full legal name}*_____, a minor child who is living at home.

2.  Petitioner's attorney's name, address, and telephone number is: _____
    _____.
    (If you do not have an attorney, write "none.")

## SECTION II.  RESPONDENT
(This section is about the person you want to be protected from.  It must be completed.)

1.  Respondent currently lives at the following address: *{address, city, state, and zip code}* _____
    _____.
    Respondent's Driver's License number is: *{if known}* _____.

2.  Petitioner has known Respondent since: *{date}* _____.

3.  Respondent's last known place of employment: _____
    Employment address: _____
    Working hours: _____

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (08/23)

-20-

4. Physical description of Respondent:
   Race: _____ Sex: Male ____ Female ____ Date of Birth: _____
   Height: _____ Weight: _____ Eye Color: _____ Hair Color: _____
   Distinguishing marks and/or scars: _____
   Vehicle: (make/model) _____ Color: _____ Tag Number: _____

5. Other names Respondent goes by (aliases or nicknames): _____

6. Respondent's attorney's name, address, and telephone number is: _____
   _____.
   (If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

**SECTION III.   CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Has Petitioner ever received or tried to get an injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence against Respondent in this or any other court?
   _____ Yes _____ No    If yes, what happened in that case? *{include case number, if known}*
   _____
   _____.

2. Has Respondent ever received or tried to get an injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence against Petitioner in this or any other court?
   _____ Yes _____ No    If yes, what happened in that case? *{include case number, if known}*
   _____
   _____.

3. Describe any other court case that is either going on now or that happened in the past between Petitioner and Respondent *{include case number, if known}*: _____
   _____
   _____.

4. Respondent has directed at least two incidents of violence, meaning assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death against Petitioner or a member of Petitioner's immediate family.  One of these two incidents of violence has occurred within 6 months of the date of filing of this petition.  The most recent incident (including date and location) is described below.

   On *{date}* _____, at *{location}* _____,
   Respondent _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.
   _____ Please indicate here if you are attaching additional pages to continue these facts.

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (08/23)

-21-

5. Other prior incidents (including dates and location) are described below:

On *{date}* _____ , at *{location}* _____ ,
Respondent _____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .
_____ Please indicate here if you are attaching additional pages to continue these facts.

6. Petitioner genuinely fears repeat violence by Respondent.  Explain: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

7. **Additional Information**
   *{Choose **all** that apply}*
   a._____ Respondent owns, has, and/or is known to have guns or other weapons.
   Describe weapon(s): _____
   _____ .
   b._____ This or prior acts of repeat violence have been previously reported to: *{person or agency}*
   _____ .

**SECTION IV.  INJUNCTION**  (This section must be completed.)

1. _____ Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against repeat violence that will be in place from now until the scheduled hearing in this matter.

2. _____ Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment of injunction prohibiting Respondent from committing any acts of violence against Petitioner **and**:
   a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;
   b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is: _____
   _____ ;
   c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;
   d. ordering Respondent not to use or possess any guns or firearms;
   *{Indicate **all** that apply}*
   e._____ prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often: _____
   _____ .

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (08/23)

f._____prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle; and any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.  I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT.  I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Dated: _____     _____

Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-Mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____ 20__, by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

☐ Personally Known OR ☐ Produced Identification
Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (08/23)

-23-

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(n) PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE (08/23)

## When should this form be used?

If you are a victim of **dating violence,** and have reasonable cause to believe you are in **imminent danger** of becoming the victim of another act of dating violence, **or** if you have reasonable cause to believe that you are in **imminent danger** of becoming a victim of dating violence**,** you can use this form to ask the court for a protective order prohibiting dating violence. Dating violence means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature. **The dating relationship must have existed within the past six months, the nature of the relationship must have been characterized by the expectation of affection or sexual involvement between the parties, and the frequency and type of interaction must have included that the persons have been involved over time and on a continuous basis during the course of the relationship. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context.** Dating violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

## If you are filing on behalf of a child or children

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against dating violence on behalf of the minor child. With respect to a minor child who is living at home, if the party against whom the protective injunction is sought is also a parent, stepparent, or legal guardian, you, as the parent or legal guardian filing the petition, must have been an eye-witness to, or have direct physical evidence or **affidavits** from eye-witnesses of, the specific facts and circumstances that form the basis of the petition. If the party against whom the protective injunction is sought is a person **OTHER THAN** a parent, stepparent, or legal guardian of the minor child, you, as the parent or legal guardian filing the petition, must state why you have reasonable cause to believe that the minor child is a victim of dating violence.

## Additional Information

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that an **immediate and present danger of dating violence**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (08/23)

-24-

exists, the judge will sign a **Temporary Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(o). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side—YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Dating Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(p), which will remain in effect for a specific time period or until modified or dissolved by the court. **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of dating violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (08/23)

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration** and you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MUST SERVE DOCUMENTS BY E-MAIL UNLESS EXCUSED PURSUANT TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.516(b)(1)(D).** If a self-represented litigant has been excused from serving documents by e-mail and then elects to serve and receive documents by e-mail, the procedures must always be followed once that election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (08/23)

-26-

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

## SECTION I.  PETITIONER
(This section is about you.  It must be completed.)

1.  Petitioner currently lives at the following address: *{address, city, state, zip code}* _____
_____.

    Date of Birth of Petitioner: _____.

    *{Indicate **if** applicable}*
    _____ **Petitioner seeks an injunction for protection on behalf of a minor child.**  Petitioner is the parent or legal guardian of *{full legal name}* _____, a minor child who is living at home.

2.  Petitioner's attorney's name, address, and telephone number is: _____
_____.

    (If you do not have an attorney, write "none.")

## SECTION II.  RESPONDENT
(This section is about the person you want to be protected from.  It must be completed.)

1.  Respondent currently lives at the following address: *{address, city, state, and zip code}* _____

    Respondent's Driver's License number is: *{if known}* _____

2.  Petitioner has known Respondent since: *{date}* _____.

3.  Respondent's last known place of employment: _____
    Employment address: _____
    Working hours: _____

4.  Physical description of Respondent:
    Race: _____    Sex: Male _____ Female _____    Date of Birth: _____

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (08/23)

-27-

Height: _____ Weight: _____ Eye Color: _____ Hair Color: _____

Distinguishing marks and/or scars: _____

Vehicle: (make/model) _____ Color: _____ Tag Number: _____

5. Other names Respondent goes by (aliases or nicknames): _____
_____ .

6. Respondent's attorney's name, address, and telephone number is: _____
_____

(If you do not know whether Respondent has an attorney, write "unknown." If Respondent does not have an attorney, write "none.")

7. If Respondent is a minor, the address of Respondent's parent or legal guardian is: _____
_____

**SECTION III. CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Have the Petitioner and Respondent been involved in a dating relationship within the past six months?
_____Yes _____No

2. Describe the nature of the relationship between the Petitioner and *Respondent {Include the length of time of the relationship, the romantic or intimate nature of the relationship, the frequency or type of interaction, and any other facts that characterize the relationship}*
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

_____Please indicate here if you are attaching additional pages to continue these facts.

3. Has Petitioner ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence, or stalking against Respondent in this or any other court?
_____Yes _____No If yes, what happened in that case? *{Include case number, if known}*
_____
_____ .

4. Has Respondent ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence, or stalking against Petitioner in this or any other court?
_____Yes _____No If yes, what happened in that case? *{Include case number, if known}*
_____
_____
_____ .

5. Describe **any other** court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{Include case number, if known}:* _____
_____
_____
_____ .

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (08/23)

-28-

6. Respondent has directed an incident of violence, meaning assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death against Petitioner or a minor child living at home. The incident (including date and location) is described below.

On {date} _____ , at {location} _____ ,

Respondent

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

_____Please indicate here if you are attaching additional pages to continue these facts.

7. Other prior incidents (including dates and location) are described below:

On {date(s)} _____ , at {location(s)} _____ ,

Respondent

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

_____Please indicate here if you are attaching additional pages to continue these facts.

8. **Imminent Danger**

*{Please complete **either** paragraph a or b below}*

a._____Petitioner is a victim of dating violence and has reasonable cause to believe he or she is in **imminent danger** of becoming a victim of another act of dating violence. *{Explain what Respondent has done to make you a victim of dating violence and to make you fear that you are in **imminent danger** of becoming a victim of another act of dating violence.}*

_____
_____
_____
_____
_____
_____ .

**OR**

b._____Petitioner has reasonable cause to believe he or she is in **imminent danger** of becoming a victim of dating violence as demonstrated by the fact that Respondent has: *{Explain what Respondent has done that makes you fear that you are in **imminent danger** of becoming a victim of dating violence.}*

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (08/23)

-29-

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

9. **Additional Information**
   *{Indicate **all** that apply}*
   a._____Respondent owns, has, and/or is known to have guns or other weapons.
   Describe weapon(s): _____
   _____ .

   b._____This or prior acts of dating violence have been previously reported to: *{person or agency}* _____
   _____
   _____ .

**SECTION IV.  INJUNCTION**
(This section must be completed.)

1. Petitioner asks the Court to enter a **TEMPORARY INJUNCTION** for protection against dating violence that will be in place from now until the scheduled hearing in this matter.

2. Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any acts of violence against Petitioner and:
   a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;
   b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is: _____
   _____ ;
   c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;
   d. ordering Respondent not to use or possess any guns or firearms;
   *{Indicate **all** that apply}*
   e._____prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often: _____
   _____
   _____ ;
   f._____prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle; and any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.  I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT.  I**

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (08/23)

-30-

**UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Dated: _____    _____

Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-Mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____ 20___, by _____.


_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or clerk.}*


☐ Personally Known OR ☐ Produced Identification
Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (08/23)

-31-

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(q) PETITION FOR INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE (08/23)

## When should this form be used?

If you are a victim of **sexual violence** or the parent or legal guardian of a minor child who is living at home and is a victim of sexual violence, you can use this form to ask the court for a protective order prohibiting sexual violence. Sexual violence means any one incident of:

- sexual battery, as defined in Chapter 794, Florida Statutes;

- a lewd or lascivious act, as defined in Chapter 800, Florida Statutes, committed upon or in the presence of a person younger than 16 years of age;

- luring or enticing a child, as described in Chapter 787, Florida Statutes;

- sexual performance by a child, as described in Chapter 827, Florida Statutes; or

- any other forcible felony wherein a sexual act is committed or attempted.

In order to get an injunction, you must have reported the sexual violence to a law enforcement agency and be cooperating in the criminal proceeding if there is one. It does not matter whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney's office. You may also seek an injunction for protection against sexual violence if the respondent was sent to prison for committing one of the sexual violence crimes listed above against you or your minor child living at home and respondent is out of prison or is getting out of prison within 90 days of your petition. Attach the notice of inmate release to your petition.

Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are seeking an injunction for protection against sexual violence on behalf of a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or **affidavits** from eyewitnesses of, the specific facts and circumstances that form the basis of the petition. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or is the other parent of your child(ren) whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that an immediate and present danger of violence exists, the judge will sign a **Temporary Injunction for Protection Against Sexual Violence**, Florida Supreme Court Approved Family Law Form 12.980(r). A temporary injunction is issued without notice to the respondent. The clerk will give

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (08/23)

your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first, unless the **respondent** is incarcerated, and in such instance the temporary injunction is effective for 15 days following the date the **respondent** is released from incarceration. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side—YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Sexual Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(s), which will remain in effect for a specific time period or until modified or dissolved by the court. **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of sexual violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980 (g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will provide you with necessary forms. For further information, see section 784.046, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (08/23)

-33-

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration** and you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MUST SERVE DOCUMENTS BY E-MAIL UNLESS EXCUSED PURSUANT TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.516(b)(1)(D).** If a self-represented litigant has been excused from serving documents by e-mail and then elects to serve and receive documents by e-mail, the procedures must always be followed once that election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

# Special notes . . .

If you fear that disclosing your address would put you in danger, you should complete a **Request for Confidential Filing of Address,** Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided for your address on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (08/23)

-34-

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
                Petitioner,

        and

_____,
                Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE

I, *{full legal name}* _____ being sworn, certify that the following statements are true:

**SECTION I.  PETITIONER**
(This section is about you.  It must be completed; however, **if you fear that disclosing your address to the respondent would put you in danger,** you should complete and file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address.)

1.  Petitioner currently lives at the following address: *{address, city, state, zip code}* _____
    _____.
    Date of Birth of Petitioner: _____

    *{Indicate **if** applicable}*
    _____ **Petitioner seeks an injunction for protection on behalf of a minor child.**
    Petitioner is the parent or legal guardian of *{full legal name}* _____,
    a minor child who is living at home.

2.  Petitioner's attorney's name, address, and telephone number is: _____
    _____
    (If you do not have an attorney, write "none.")

**SECTION II.  RESPONDENT**
(This section is about the person you want to be protected from.  It must be completed.)

1.  Respondent currently lives at the following address: *{address, city, state, and zip code}* _____
    _____
    Respondent's Driver's License number is: *{if known}* _____

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (08/23)

-35-

2. Respondent's last known place of employment: _____

    Employment address: _____

    Working hours: _____

3. Physical description of Respondent:

    Race: _____        Sex: Male_____ Female_____        Date of Birth: _____

    Height: _____        Weight: _____        Eye Color: _____        Hair Color: _____

    Distinguishing marks and/or scars: _____

    Vehicle: (make/model) _____        Color: _____        Tag Number: _____

4. Other names Respondent goes by (aliases or nicknames): _____

    _____.

5. Respondent's attorney's name, address, and telephone number is: _____

    _____.

    (If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

6. If Respondent is a minor, the address of Respondent's parent or legal guardian is: _____

    _____.

**SECTION III.   CASE HISTORY AND REASON FOR SEEKING PETITION**

(This section must be completed.)

1. Petitioner has suffered sexual violence as shown by the fact that the Respondent has: *{describe the acts of violence}* _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____ Please indicate here if you are attaching additional pages to continue these facts.

    *{Indicate **all** that apply}*

    a. _____Petitioner reported the sexual violence to law enforcement and is cooperating in any criminal proceeding.  The incident report number by law enforcement is: _____.  *{If there is a criminal case, include case number, if known}* _____.

    b. _____Respondent was sent to prison for committing sexual violence against Petitioner or Petitioner's minor child living at home and Respondent is out of prison or is getting out of prison within 90 days.  The notice of inmate release is attached.

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (08/23)

-36-

2. Has Petitioner ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Respondent in this or any other court?

_____Yes _____No    If yes, what happened in that case? *{Include case number, if known}* _____

_____

_____

_____ .

3. Has Respondent ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Petitioner in this or any other court?

_____Yes _____No    If yes, what happened in that case? *{Include case number, if known}* _____

_____

_____

_____ .

4. Describe any other court case that is either going on now or that happened in the past between Petitioner and Respondent *{Include case number, if known}*: _____

_____

_____

5. **Additional Information**
   *{Indicate **all** that apply}*
   a._____Respondent owns, has, and/or is known to have guns or other weapons.
   Describe weapon(s): _____
   b._____This or prior acts of violence have been previously reported to: *{person or agency}* _____

   _____

**SECTION IV.   INJUNCTION**
(This section must be completed.)

1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against sexual violence that will be in place from now until the scheduled hearing in this matter.

2. Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any acts of violence against Petitioner and:
   a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;
   b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is: _____

   _____ ;
   c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;
   d. ordering Respondent not to use or possess any guns or firearms;
   *{Indicate **all** that apply}*
   e._____prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often: _____

   _____ ;
   f._____prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle; AND any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION,**

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (08/23)

-37-

**THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Dated: _____       _____
                                             Signature of Petitioner
                                             Printed Name: _____
                                             Address: _____
                                             City, State, Zip: _____
                                             Telephone Number: _____
                                             Fax Number: _____
                                             Designated E-Mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____ 20___, by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

☐ Personally Known OR ☐ Produced Identification
Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (08/23)

-38-

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(t)
# PETITION FOR INJUNCTION FOR PROTECTION AGAINST STALKING
# (08/23)

## When should this form be used?

If you are a victim of stalking, you can use this form to ask the court for a protective order prohibiting stalking. Stalking means the repeated following, harassment, or cyberstalking of one person by another. Cyberstalk means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.

Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, and are living at home, one of your parents or your legal guardian must sign this petition on your behalf.

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against stalking on behalf of the minor child.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you may, instead, choose to use the **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in one of the following: the circuit where you currently or temporarily reside; the circuit where the respondent resides; or the circuit where the stalking occurred. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you. There is no filing fee for a petition for protection against stalking.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that stalking or cyberstalking exists, the judge will sign a **Temporary Injunction for Protection Against Stalking**, Florida Supreme Court Approved Family Law Form 12.980(u). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a **hearing** can be held or for a period of 15 days, whichever comes first.

The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side—YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing also. At the hearing, the judge will decide whether to issue a **Final Judgment**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (08/23)

-39-

of Injunction for Protection Against Stalking (After Notice), Florida Supreme Court Approved Family Law Form 12.980(v), which will remain in effect for a specific time period or until modified or dissolved by the court. **If either you or the respondent do not appear at the hearing, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and the respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR THE RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one underline certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition or does not issue a Temporary Injunction?

If your petition is denied, you may amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g). If the only ground for not granting an ex parte temporary injunction is no appearance of immediate and present danger of stalking, the court shall set a full hearing on your petition for injunction at the earliest possible time. The respondent will be notified by **personal service** of your petition and the hearing. You must attend the hearing, present facts, and bring evidence that supports your petition; failure to attend the hearing may result in dismissal of your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.0485, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration** and you **must** review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MUST SERVE DOCUMENTS BY E-MAIL UNLESS EXCUSED PURSUANT TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.516(b)(1)(D).** If a self-represented litigant has

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (08/23)

been excused from serving documents by e-mail and then elects to serve and receive documents by e-mail, the procedures must always be followed once that election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears.  Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

If you require that your address be confidential for safety reasons, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit. You should then write confidential in the space provided on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (08/23)

–41–

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST STALKING

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

## SECTION I.  PETITIONER
(This section is about you.  It must be completed; **however, if you require that your address be confidential for safety reasons,** you should complete and file a **Request for Confidential Filing of Address,** Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)

1. Petitioner resides at the following address: *{address, city, state, zip code}* _____
_____.

   *{Indicate **if** applicable}*
   _____**Petitioner seeks an injunction for protection on behalf of a minor child.**  Petitioner is the parent or legal guardian of *{full legal name}* _____, a minor child who is living at home.

2. Petitioner's attorney's name, address, and telephone number is: _____
_____.
(If you do not have an attorney, write "none.")

## SECTION II.  RESPONDENT
(This section is about the person you want to be protected from.  It must be completed.)

1. Respondent resides at the following address: *{provide last known street address, city, state, and zip code}*
_____.

2. Respondent's last known place of employment: _____
Employment address: _____
Working hours of Respondent: _____

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (08/23)

-42-

3. Physical description of Respondent:
Race: _____ Sex: Male_____ Female_____ Date of Birth: _____
Height: _____ Weight: _____ Eye Color: _____ Hair Color: _____
Distinguishing marks and/or scars: _____
Vehicle: (make/model)_____ Color:_____ Tag Number *(if known)*_____

4. Other names Respondent goes by (*aliases or nicknames*): _____
_____.

5. Respondent's attorney's name, address, and telephone number is: _____
_____.
(If you do not know whether Respondent has an attorney, write "unknown." If Respondent does not have an attorney, write "none.")

**SECTION III.   CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Has Petitioner ever received or tried to get an injunction for protection against stalking against Respondent in this or any other court?
   _____Yes _____No    If yes, what happened in that case? *{Include case number, if known}* _____
   _____
   _____.

2. Has Respondent ever received or tried to get an injunction for protection against stalking against Petitioner in this or any other court?
   _____Yes _____No    If yes, what happened in that case? *{Include case number, if known}*_____
   _____.

3. Describe any other court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{Include case number, if known}*: _____
   _____
   _____.

4. Petitioner is a victim of stalking because Respondent has: *{please mark all sections that apply}*
   a._____Committed stalking;
   b._____Previously threatened, harassed, stalked, cyberstalked, or physically abused the Petitioner;
   c._____Threatened to harm Petitioner or family members or individuals closely associated with Petitioner;
   d._____Intentionally injured or killed a family pet;
   e._____Used, or threatened to use, against Petitioner any weapons such as guns or knives;
   f._____A criminal history involving violence or the threat or violence, if known;
   g._____Another order of protection issued against him or her previously from another jurisdiction, if known;
   h._____Destroyed personal property, including, but not limited to, telephones or other communication equipment, clothing, or other items belonging to Petitioner.

5. Below is a description of the specific incidents of stalking or cyberstalking: *{for cyberstalking, please include a description of all evidence of contacts and/or threats made by Respondent in voice messages, texts, emails, or other electronic communication}*
On *{dates}* _____ the following incidents of stalking occurred at the following locations: *{the locations may include, but need not be limited to, a home, school, or place of employment}*

_____
_____
_____
_____
_____
_____
_____
_____
_____ .

_____ Please indicate here if you are attaching additional pages to continue these facts.

6. **Additional Information**
_____ Respondent owns, has, and/or is known to have guns or other weapons.
Describe weapon(s) and where they may be located, if known: _____
_____ .

**SECTION IV. INJUNCTION** *{This section must be completed.}*

1. Petitioner asks the Court to enter a **TEMPORARY INJUNCTION** for protection against stalking that will be in place from now until the scheduled hearing in this matter, which will immediately restrain Respondent from committing any acts of stalking, and which will provide any terms the Court deems necessary for the protection of a victim of stalking, including any injunctions or directives to law enforcement agencies.

2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a **FINAL JUDGMENT** for protection against stalking prohibiting Respondent from committing any acts of stalking against Petitioner **and**:
a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives, or to any specified place regularly frequented by Petitioner and any named family members or individuals closely associated with Petitioner: _____
_____ ;
b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is: _____
_____ ;
c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;
d. ordering Respondent that he or she shall not have in his or her care, custody, possession, or control any firearm or ammunition;
e. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle, whether or not that vehicle is occupied;

3. Petitioner asks the Court to enter any other terms it deems necessary to protect Petitioner from stalking by Respondent.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (08/23)

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

**THIS PETITION MUST BE SIGNED BY THE PETITIONER BUT IT IS NOT REQUIRED TO BE NOTARIZED IF IT IS FILED DURING THE SCOPE AND DURATION OF A STATE OF EMERGENCY DECLARED BY A GOVERNMENTAL ENTITY.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-Mail Address(es): _____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____ 20___, by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

☐ Personally Known OR ☐ Produced Identification
Type of Identification Produced: _____

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (08/23)